COMMONWEALTH of
Kentucky, Appellant,

v.

John HARDY, Appellee.

No. 88–SC–956–DG.

Supreme Court of Kentucky.

Sept. 7, 1989.

Frederic J. Cowan, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Frankfort, for appellant.

Thomas L. Conn, Fayette County Legal Aid, Inc., Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment which convicted Hardy of two counts of unlawful transaction with a minor in the third degree. He was sentenced to twelve months in jail and fined $500 on each count. The Court of Appeals reversed because there were two black persons on the jury panel and the prosecutor exercised one peremptory challenge to strike one of the two black jurors.

The issue is whether the trial judge abused his discretion in denying Hardy's *Batson* motion when he concluded that Hardy had failed to make a *prima facie* showing that the prosecutor used the single peremptory challenge to purposefully exclude a venireman because of race.

The panel from which the jury was chosen had three black persons on it. One of

the black veniremen was removed by lot. Another was struck by means of a peremptory challenge and the remaining black juror was left on the panel and heard the case. The prosecutor used three of his six challenges to select the jury. After both parties had exercised their peremptory challenges, defense counsel made a motion regarding the use of the peremptory challenge to strike one of the black panel members. The trial judge did not require an explanation pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) or a neutral explanation and denied Hardy's motion.

The Court of Appeals reversed because it determined that the striking alone of one black panel member when there are two blacks on the panel was sufficient under *Batson, supra,* to require a finding that a prima facie case had been made with the shifting of the burden of proof to the prosecution to articulate a racially neutral explanation for the strike. We disagree.

*Batson* provides a three-pronged test for establishing a *prima facie* case for racial discrimination in jury selection. The first two standards were met because Hardy is black and the prosecutor struck one of two blacks from the jury panel. However, Hardy has not shown that these or any other facts in the case create an inference that the prosecutor excluded that panel member because of race. The burden was on Hardy to raise the inference before the prosecution would be required to rebut it or explain its action.

■ *Batson* requires more than a mere stating that the prosecutor struck a number of blacks from the jury panel. In considering this matter, the trial judge should consider all the relevant circumstances. Hardy has not shown any "pattern" of strikes against black jurors regarding this particular venire, because only one of three were challenged.

■ *Batson* also indicated that questions and statements during the voir dire may be used to support or refute an inference of discrimination. Hardy cannot demonstrate any circumstance in this regard because it was the defense counsel, not the prosecutor, who asked the panel if they would have a problem with the fact that the defendant was black and the victims were white.

■ The U.S. Supreme Court indicated a confidence in trial judges and recognized a broad discretion in them to determine whether, under all the circumstances, a *prima facie* showing of discrimination had been made. There is no indication that the trial judge abused his discretion by ruling that Hardy had not made a sufficient showing or argument stating that the prosecutor had struck one of the three black jurors on the basis of race.

*Batson* requires more than a simple numerical calculation. Numbers alone cannot form the only basis for a *prima facie* showing. Two California cases decided before *Batson* provide a persuasive analysis. *People v. Wheeler,* 22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (1978) indicated that the use of two peremptories to excuse the only two black jurors was found insufficient for a *prima facie* showing. *People v. Rousseau,* 129 Cal.App.3d 526, 179 Cal. Rptr. 892 (1982) stated that a claim of discriminatory exclusion requires the defendant to establish as complete a record of the circumstances as is feasible and that from all the circumstances, he must show a strong likelihood that such persons are being challenged because of their group association rather than because of a specific bias. *Rousseau, supra,* further held that even though all the blacks on the panel had been struck by the prosecutor, this alone was not enough to establish a *prima facie* showing of discrimination.

Hardy has failed to make a *prima facie* showing of a discriminatory use of the peremptory challenge. The trial judge correctly refused to require a neutral explanation from the prosecution.

It is the holding of this Court that *Batson* requires more than merely stating that the prosecutor struck a certain number of

blacks from the jury panel. In deciding whether the defendant has made a requisite showing of discrimination, the trial judge should consider all the relevant circumstances.

The decision of the Court of Appeals is reversed and the judgment of conviction is reinstated.

STEPHENS, C.J., and GANT, LAMBERT and VANCE, JJ., concur.

COMBS, J., did not sit.

LEIBSON, J., dissents and files a separate dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Majority Opinion states that the Court of Appeals reversed and remanded for a *Batson* hearing "because it determined that the striking alone of one black panel member when there are two blacks on the panel was sufficient under *Batson*" to require a *Batson* inquiry. The Majority found error in this proposition and required "other relevant circumstances" to raise an inference that the prosecutor used peremptory challenges to exclude a venireman due to race. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

I do not disagree that *Batson* requires more than merely a showing that the defendant is black and "the prosecutor struck a certain number of blacks from the jury panel." But I think, as did the Court of Appeals, that "other relevant circumstances" exist here. The Court of Appeals explained:

> "Even if the statistical evidence was not sufficient to establish a prima facie case, the fact that the defendant, a black middle-aged man, was charged with [third-degree rape of a white, under-aged female] is a 'relevant circumstance.'"

Our Majority Opinion leaves out these significant facts. The Court of Appeals rests

on more than "a simple numerical calculation."

I cannot say the Court of Appeals clearly erred in its judgment that the particular circumstances of this case warranted a *Batson* inquiry. I would affirm the Court of Appeals.