**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Eddie C. LOVELACE, Respondent.**

**No. 88–SC–1007–KB.**

Supreme Court of Kentucky.

Sept. 28, 1989.

Bruce K. Davis, Director, Barbara S. Rea, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

Frank E. Haddad, Jr., Louisville, Larry Rogers, Albany, for respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

This cause comes before the Court on motion of respondent for reconsideration of this Court's opinion and order entered herein on June 29, 1989. In said opinion and order, we adopted the findings of fact of the Board of Governors of the Kentucky Bar Association and suspended respondent from the practice of law for a period of six months. In his motion, respondent contends that the findings of the Board of Governors do not fairly and accurately represent the facts and circumstances surrounding the matters at issue; and, that if any punishment is warranted, suspension for six months is too severe. We are further requested, in the event respondent's suspension remains, to hold that he may continue to serve in his position as Commonwealth Attorney despite his inability to otherwise practice law.

In response to the questions raised, we have undertaken further review of this case.

In the *Brummett* case, we held that respondent accepted private employment in a matter in which he had a substantial responsibility as a public employee in violation of DR 9–101(B). It is undisputed that respondent undertook a civil case and that later the party against whom he had filed a lawsuit was indicted for reckless homicide. The Board of Governors found, however, that there was no evidence that respondent took any personal role in obtaining the indictment and the Trial Commissioner, appointed by the Board to hear the evidence and make recommendations to it, found that "there was no evidence upon which to base a finding that Lovelace (respondent) used the criminal charges to obtain an advantage in the civil matter ..." While it is clear that respondent committed a violation of DR 9–101(B), there was no evidence of any intent to obtain unfair advantage in either case.

■ We also accepted the Board of Governors' findings in the *Ray* case, wherein respondent was employed by a decedent's family to file a civil suit against the driver of another vehicle. We noted that the other driver was thereafter indicted on felony charges; that ultimately the criminal case was disposed of by amendment to a misdemeanor; and that the civil action was settled for the policy limits plus a personal contribution from the defendant. However, our opinion and order omitted certain matters found by the Board of Governors which should have been included. The Board found that respondent did not take part in obtaining the indictment and that he withdrew as counsel for the Commonwealth (as allowed by KRS 15.733) prior to filing a civil suit and prior to the defendant's arraignment on the criminal charge. From the record, what seems to have happened is that a few days after the accident, respondent undertook a civil case without recognizing or with indifference to the fact that criminal prosecution might be warranted. Without any participation by respondent, an indictment was returned shortly thereafter. Five months later and prior to any significant step in either the civil or the criminal cases, respondent withdrew as attorney for the Commonwealth. As in the *Brummett* case, it appears that respondent

violated DR 9–101(B) but there is no evidence that he misused his official position to gain an advantage in the civil action. In the future whenever a public prosecutor deems it necessary to invoke the provisions of KRS 15.733, he should also withdraw from any other case, civil or criminal, arising out of the same transaction or occurrence. *Commonwealth v. Hubbard*, Ky., 777 S.W.2d 882 (1989).

■ The *Randolph* case, upon which the Board of Governors and this Court found respondent guilty of violating DR 1–102(A)(5) and (6), involved respondent's failure to disclose that his "civil practice secretary" was a member of the jury in a criminal case which he prosecuted. In our opinion and order holding this to be an ethical violation, we neglected to point out that a juror qualification form which disclosed the employment of the juror in question was on file and available for inspection in the office of the circuit court clerk. We also failed to note that no question was asked of the jury panel which would have elicited the employment of this juror. The closest anybody came was defense counsel during voir dire examination when he said:

"Does anyone have any association with those gentlemen, (referring to the attorneys for the Commonwealth) to the extent that you feel that it would be embarrassing for you to sit upon the jury, and return a verdict against what you may perceive as their interest in this case?"

We have no reluctance in saying that it would have been better practice for respondent to disclose to the court the employment relationship between himself and his secretary. However, in view of the ready availability of this information, the failure of counsel to ask a direct question, and the general acquaintance small-town lawyers have with one another's staff, we cannot say respondent's action amounted to a violation of DR 1–102(A)(5) and (6).

■ Finally, in the *Sanders* case, we adopted the Board of Governors' finding that respondent actively participated in the negotiations of a civil case and that he attempted to use the promise of probation in a criminal case as leverage to obtain a

personal contribution from the defendant in the civil case, in violation of DR 9–101(B), DR 1–101(A)(5), and DR 1–102(A)(6). While the evidence of respondent's guilt as found by the Board and adopted by this Court was circumstantial and the operative facts were hotly disputed, sufficient evidence was presented to sustain the factual determinations. It is of no consequence that the *Sanders* case took place in a judicial circuit outside of the circuit which respondent serves as Commonwealth Attorney and that respondent's role in the negotiations may have been more or less active than contended by the parties. Any lawyer who undertakes representation of the Commonwealth in a criminal case may not simultaneously represent a party in a civil case arising out of the same transaction or occurrence.

■ By statute, county attorneys and a majority of Commonwealth Attorneys are entitled to maintain a private civil practice. While some may believe such is unwise or contrary to the best interest of the Commonwealth, nothing in our law or Code of Professional Responsibility prohibits such practice. It is obvious, however, that this creates a great potential for conflict of interest as many criminal acts are subject also to redress in civil actions. This is particularly true in rural areas which are served by a small number of lawyers engaged in the practice of law and in which the public prosecutor is often one of the more prominent local practitioners. When an attorney declares his intention to seek elective office as a Commonwealth Attorney or a county attorney, it should be with the certain knowledge that his civil practice will be severely restricted upon assuming the office and that the public office he holds will take precedence over his private practice. A prosecutor must decline employment in any civil action when there is any reasonable probability that a criminal prosecution might arise from the circumstances of the case. If, after accepting employment in a civil matter, a criminal prosecution arises from the circumstances of the case the prosecuting attorney must withdraw from the civil proceeding and dis-

qualify himself from handling the prosecution.

While the views expressed above do not represent a change in the law, we note that in the past such rules have frequently been observed with a great degree of flexibility. In the future, however, violations of the rules reiterated herein will not be tolerated.

Prior to concluding this opinion, we should address respondent's request for our holding that he may continue to serve as Commonwealth Attorney during any period of suspension. From the record, it does not appear that this issue is ripe for our consideration. No action has yet been taken, or indeed could have been taken, to remove respondent from office because the underlying violations had not yet been fully adjudicated. Whether respondent will be required to vacate the office of Commonwealth Attorney is not before us and we withhold any comment on that issue.

Upon thorough consideration of the motion for reconsideration and the response thereto, IT IS ORDERED that the opinion and order entered herein on June 29, 1989, be and is hereby withdrawn and this opinion and order substituted in lieu thereof. IT IS FURTHER ORDERED that respondent be suspended from the practice of law for a period of forty-five (45) days from the date of finality of this order, that he pay the costs of this action, and that he otherwise comply with the Rules of the Supreme Court relating to reinstatement.

COMBS, GANT, LAMBERT and WINTERSHEIMER, JJ., concur.

LEIBSON and VANCE, JJ., would deny the motion.

STEPHENS, C.J., would deny the motion and would leave the suspension at six months.