David DUNBAR, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Charles Henry GARDNER, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Nos. 89–SC–680–MR, 89–SC–698–MR.

Supreme Court of Kentucky.

May 9, 1991.

Marie Allison, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellants.

Frederic J. Cowan, Atty. Gen., David Sexton, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Dunbar of two counts of murder and two counts of first-degree robbery, sentencing him to a total of 340 years; Gardner was convicted of two counts of second-degree manslaughter and two counts of first-degree robbery and sentenced to a total of 60 years.

Dunbar gave a taped statement to the police stating that he and Gardner decided to rob the store but never intended to kill anyone and admitted that both had guns. Dunbar said he took money from one man's wallet and that Gardner took money from the cash register. Dunbar admitted that he shot the two victims. Both defendants were tried together.

Dunbar and Gardner argue that because their right to exercise peremptory challenges was invaded they were denied a fair and impartial jury; that it was error to excuse a prospective juror for cause; that the trial court abused its discretion in regard to the rulings on black jurors; that evidence of other crimes was improperly admitted; and that the two prosecutors should have been disqualified because they were involved in subsequent civil litigation arising from this case.

A careful examination of the entire record indicates that Dunbar and Gardner received a fair and impartial jury trial. Their right to exercise peremptory challenges was not improperly limited. The defendants did not have to use peremptory challenges on jurors who should have been excused for cause. There is no convincing evidence that any juror who heard the case was incompetent and should have been removed for cause. The trial judge did not abuse his discretion in ruling on the challenges. A defendant's right to be tried by an impartial jury is infringed only if an unqualified juror participates in the decision. *Rigsby v. Commonwealth*, Ky., 495 S.W.2d 795 (1973). *Randolph v. Commonwealth*, Ky., 716 S.W.2d 253 (1986); *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988). As long as the jury that actually hears and decides the case is impartial, there is no constitutional violation. Even if a juror should have been removed for cause, such error does not violate the constitutional right to an impartial jury if the person did not actually sit on the jury. *Cf. Turpin v. Commonwealth*, Ky., 780 S.W.2d 619 (1989); *Cf. Ross v. Oklahoma*,

487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).

■ Dunbar and Gardner contend that prospective jurors should have been struck for cause. Only two of these individuals actually sat on the jury. Sixteen prospective jurors were peremptorily challenged by the defense. Among the complaints raised are that one of the jurors knew a witness because she worked at the same hospital and that she had previously worked for a police department in Indiana. After questioning, the trial judge refused to excuse this juror, and we cannot say that the trial judge abused his discretion after considering the voir dire examination. *Caldwell v. Commonwealth*, Ky., 634 S.W.2d 405 (1982); *Grooms v. Commonwealth*, Ky., 756 S.W.2d 131 (1988).

Appellants claim that a second juror would not consider the possibility of the lower range of penalties. This allegation is not supported by an examination of the record. The second juror indicated that he could consider the evidence and the penalties in regard to the instructions of the trial judge. The trial judge's refusal to strike the second juror for cause was not clearly erroneous when viewed in the light of the voir dire and was not an abuse of discretion. *Simmons v. Commonwealth*, Ky., 746 S.W.2d 393 (1988).

■ A careful examination of the record in this case indicates that the jurors who sat on the jury decided the case in a fair and impartial manner as to innocence or guilt, as well as appropriate penalty. The argument by Dunbar and Gardner that they had to use peremptory challenges against certain jurors who should have been excused for cause is unconvincing. They have failed to demonstrate that in fact any person who sat on the jury was incompetent and should have been stricken for cause.

■ It was not reversible error or an abuse of discretion for the trial judge to excuse a black juror for cause. Determination of whether to excuse a prospective juror is within the discretion of the trial judge. *Caldwell, supra.* The judge's deci-

sion was not clearly erroneous. *Simmons, supra.* The black juror in question had a job which sometimes required him to work until 3 a.m. He was also engaged in many other family activities and had indicated that he was distracted at this point in his life and that he would not be able to listen objectively to the evidence in this case. The trial judge correctly concluded that the juror's work schedule would not provide him with sufficient rest and that he would not be able to properly discharge his responsibilities as a juror. It should be remembered that there is a right to challenge a prospective juror but not a right to require the services of any particular juror. *Smith v. Commonwealth*, Ky., 734 S.W.2d 437 (1987).

■ The argument that the refusal of the trial judge to excuse for cause a prospective white juror is unconvincing. It is clearly within the province of the trial judge to determine if an individual juror will have the opportunity to properly serve. The facts relating to the white juror indicate no abuse of discretion by the trial judge. On June 29, 1989, the juror informed the court that he had to report to an out of state job site on July 17, 1989. The trial court determined that he would have sufficient time to make arrangements for the move and declined to excuse the juror for cause. A careful examination of the record indicates that there is no basis for a charge of racial bias concerning the selection of prospective jurors.

■ The appellants have not demonstrated that the trial judge abused his discretion when he overruled the *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) motions by the defendants. The decision in regard to a *Batson,* motion remains in the sound discretion of the trial judge. *Commonwealth v. Hardy*, Ky., 775 S.W.2d 919 (1989). Once the issue was timely raised, the trial court required the prosecutor to present a racially neutral explanation of why the jurors in question were struck. This record indicates that the prosecution had a legitimate and racially neutral explanation for the reasons it struck prospective black jurors. Here the

prosecution articulated legitimate reasons for the exercise of its peremptory challenges pursuant to the guidelines of *Batson.*

Dunbar and Gardner's claim that the prosecution's peremptory challenges were a result of racial bias are not supported by the record. There was an extended *voir dire* examination and the trial judge carefully reviewed the explanation given by the prosecution.

It was not reversible error or an abuse of discretion to permit the jury to hear how Dunbar and Gardner acquired possession of the weapons which Dunbar used to kill the victims. Evidence of another crime is admissible if it tends to prove the crime charged and the fact that it may tend to prejudice the accused in the mind of the jurors is not a reason for exclusion. *Jones v. Commonwealth*, Ky., 554 S.W.2d 363 (1977). Whether the probative value of evidence is outweighed by possible prejudicial effect is to be decided within the sound discretion of the trial judge. *Rake v. Commonwealth*, Ky., 450 S.W.2d 527 (1970).

Both Dunbar and Gardner told police that the guns they used in the robbery had been taken from the Guthrie pawn shop. The complained of evidence was not sufficiently prejudicial to change the outcome of the trial and was therefore harmless. RCr 9.24; *Commonwealth v. Chandler*, Ky., 722 S.W.2d 899 (1987).

It was not reversible error for the trial judge to deny a continuance in the sentencing hearing or to disqualify the prosecutors. At the final sentencing hearing, both Dunbar and Gardner moved to delay sentencing until new prosecutors could be appointed because the prosecutors had become involved in a civil case arising out of the robbery and murders. Neither Dunbar nor Gardner was a party to the civil action.

The trial judge did not err when he refused to disqualify the prosecutors because K.R.S. 15.733(3) provides that a prosecutor may be disqualified upon a showing of actual prejudice. The statute does not presume prejudice and the appellants have never alleged or proved actual prejudice arising from the complained of involvement in the civil case. Dunbar and Gardner did not show how they were prejudiced in any way or deprived of a fair and impartial trial.

Although even the appearance of impropriety must be avoided in regard to possible conflict of interest matters, we do not believe any error occurred. Here the only aspect that remained was the entry of final judgment by the trial judge and the substantive duties of the Commonwealth Attorney had effectively ended at the conclusion of the trial. The facts here differ from those in *Kentucky Bar Ass'n v. Lovelace*, Ky., 778 S.W.2d 651 (1989) which was rendered on September 28, 1989. This sentencing hearing was August 17, 1989. *Lovelace, supra*, involved the active participation in negotiations in a civil case and the promise of probation in a criminal case. Here there is no claim that the prosecutors misused the criminal process in any way. The complained of representation in this case did not infringe on any of the appellants' federal constitutional rights. *Cf. Dick v. Scroggy*, 882 F.2d 192 (6th Cir. 1989), in which a prosecutor's subsequent representation of an accident victim against the driver did not require disqualification.

The judgment of the trial court is affirmed.

STEPHENS, C.J., and LAMBERT, REYNOLDS, and SPAIN, JJ., concur.

LEIBSON, J., dissents and files a separate dissenting opinion in which COMBS, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

There are at least two separate errors in this case so substantial that we should be required to reverse and remand for a new trial.

## I. EVIDENCE OF COLLATERAL CRIMINAL ACTIVITY

The record shows serious abuse of the rule of relevancy that evidence of the com-

mission of a crime other than the one charged is *not admissible* unless there are special circumstances establishing relevancy. The rule and the exceptions are discussed in Lawson, *The Kentucky Evidence Law Handbook*, 2d ed., § 2.20 (1984). There is, of course, an exception for "interwoven criminal acts" which would cover proof that guns obtained in one robbery were used in another, but the exception is only applicable "if the trial judge determines that the possibility of prejudice to the accused is outweighed by the probative worth and need for the evidence." Lawson, *supra*.

Here there was no need for the evidence that the appellants were armed with guns from the burglary of the Guthrie Pawn Shop nine days before, *none whatsoever*. Both appellants gave both tape recorded and written statements in which they acknowledged that they were armed when they committed the present offenses, one statement described the weapons in detail, and throughout the trial the defense freely acknowledged anything and everything that could suggest a pretext for a "need" for this evidence. Although the trial judge excluded explicit references to the prior killing or murder at the Guthrie Pawn Shop, no reasonable and objective person can seriously question that the jury would assume the defendants were responsible for the crimes committed at the Guthrie Pawn Shop once the evidence identifying where their guns came from was admitted. These were two lurid and sensational crimes committed in adjacent rural counties, obviously well publicized. Indeed, eight of the jurors acknowledged familiarity with the Todd County burglaries. Once having been reminded of the burglary, surely they need not have been further reminded of the murder. Leaving aside for the moment error in refusing to strike these jurors for cause, once the proof came in that the guns used in the present case came from the Guthrie Pawn Shop, we can conclude the entire jury was not well aware of the whole episode, only closing our eyes and ears to the obvious truth. This we should never do just to reach a result, no matter how well intended.

In the circumstances of this case, admitting evidence that the guns the appellants used in the present offenses were stolen from the Guthrie Pawn Shop should be designated a prejudicial error.

## II. JURY SELECTION

So much of what has been written in the Majority Opinion is either an incorrect statement of the law on jury selection or an unfair characterization of the jurors' responses that we cannot cover the subject in a Dissenting Opinion of reasonable length.

Jurors served who should have been disqualified by their relationship to the victims, to the victims' families, to attorneys, or to witnesses; who should have been disqualified because they had knowledge about the prior offense at the Guthrie Pawn Shop; who should have been disqualified because they were victims, or friends or relatives of victims, of offenses similar to the ones presently involved; and who should have been disqualified because their answers suggested they were not open minded on the subject of penalty. Although the Majority Opinion states that "[t]here is no convincing evidence that any juror who heard the case was incompetent and should have been removed for cause," at least two who should have been successfully challenged for cause sat in this case: one who was personally acquainted with the witness and another who would not consider the entire range of penalties.

I consider clearly erroneous the views now being expressed by our Court that there can be no prejudice when the trial court refuses a challenge for cause so long as the juror is excused by peremptory challenge. I have expressed my disagreement in two recent cases, *Turpin v. Commonwealth*, Ky., 780 S.W.2d 619 (1989), *cert. denied* —— U.S. ——, 110 S.Ct. 1530, 108 L.Ed.2d 769 (1990) and *Marsch v. Commonwealth*, Ky., 743 S.W.2d 830 (1988). "[I]t is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges." *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir.1976). Such a denial or impairment of a right to peremptory challenges is reversible

error without a further showing of prejudice. *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 825, 13 L.Ed.2d 759, overruled on other grounds, 381 U.S. 921, 85 S.Ct. 1528, 14 L.Ed.2d 442 (1965).

Once the number of peremptory challenges has been determined by law, whether by statute, rule, or otherwise, Kentucky and federal constitutional rights of equal protection and due process entitle the defendant to the right to exercise such peremptory challenges unencumbered by the presence of prospective jurors who should have been excused on challenge for cause. Our Court has disregarded this rule in erroneous reliance upon *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), *reh. denied* 487 U.S. 1250, 109 S.Ct. 11, 101 L.Ed.2d 962 (1988). *Ross* refused to apply the Fourteenth Amendment to protect the right to peremptory challenge, but *only* because of a special circumstance in Oklahoma law, viz., in Oklahoma "to preserve" error, a party must prove that "an incompetent juror [was] forced upon him." 487 U.S. at 89, 108 S.Ct. at 2279. Historically, we in Kentucky have not required proof of such special circumstances, but now we have flip-flopped our law by reasoning backwards from *Ross v. Oklahoma* to add this requirement. As I stated in *Turpin v. Commonwealth, supra:*

> "Until now the law in Kentucky has always been to the contrary, that prejudice is presumed and the defendant is entitled to a reversal in those cases where a defendant is forced to exhaust his peremptory challenges against prospective jurors who should have been excused for cause." 780 S.W.2d at 626, Leibson, J., Dissenting.

In my opinion, there is no individual right guaranteed to our citizens under the constitution more important than trial by an impartial jury. The decisions of our Court should be directed toward insuring that right rather than eroding it. We are marching in the wrong direction.

COMBS, J., joins this dissent.