**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**AN UNNAMED ATTORNEY,**
**Respondent.**

**No. 91–SC–562–KB.**

Supreme Court of Kentucky.

Nov. 21, 1991.

As Corrected Dec. 19, 1991.

Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for the Kentucky Bar Ass'n.

Frank E. Haddad, Jr., Peter L. Ostermiller, Louisville, for respondent.

SPAIN, Justice.

By Opinion and Order entered on July 26, 1990, this Court suspended respondent from the practice of law for a period of six months pursuant to the recommendation of the Board of Governors of the Kentucky Bar Association for unethical and unprofessional conduct tending to bring the bench and bar into disrepute. The Order stated in no uncertain terms that the suspension was effective "as of the date of this order."

Notwithstanding this fact, the respondent continued to practice law, even to the extent of signing and filing a complaint in a civil law suit in district court on July 31, 1990, five days after his suspension.

Thereafter, on August 7, 1990, the attorneys representing respondent in the KBA disciplinary proceeding filed with this Court a pleading styled "Respondent's Petition for Rehearing." The KBA responded indicating its objection to the petition, which it treated as a motion to reconsider opinion and order. This Court denied the motion by order entered on September 27, 1990.

On November 14, 1990, the Inquiry Tribunal of the KBA filed against the respondent a charge that he violated SCR 3.130–5.5(a) by engaging in the practice of law during his suspension from practice as a result of this Court's July 26, 1990, Opinion and Order.

Following respondent's filing of an answer, the Inquiry Tribunal determined that no issues of fact were raised, but only issues of law; consequently, there was no referral to a Trial Commissioner, but only a direct submittal to the Board of Governors. The Board voted 9 to 4 to find the respondent not guilty of the charge but recommended that this Court render an opinion "to clarify whether a Petition for Rehearing can stay an order of suspension." With all due deference to the Board of Governors, we believe the issue before us in this case is more accurately stated as: "When is a suspension of an attorney from the practice of law effective when it is promulgated in an Opinion and Order of the Supreme Court?" Our answer is unequivocally: "On the date the Opinion and Order is entered."

In his defense before the Board of Governors to the charge of the Inquiry Tribunal, the respondent insisted that his suspension from the practice of law was not effective until September 27, 1990, the date when this Court entered an order denying his "Petition for Rehearing." His attorneys confirmed to the Board that they had so advised the respondent and had assured him in July upon this Court's entry of the suspension order that he was fully authorized to continue his practice of the law until such time as the Court's Order became "final" by entry of an order ruling on a Petition for Rehearing or a Motion for Reconsideration.

In support of this position, the respondent and his counsel relied upon our opinion in *Kentucky Bar Association v. Lovelace*, Ky., 778 S.W.2d 651 (1989). In that case, the respondent attorney was suspended from the practice of law for a period of six months by an Opinion and Order entered on June 29, 1989. He filed a Motion for Reconsideration, following which we entered a second Opinion and Order on September 28, 1989, reducing the period of suspension from six (6) months to "a period of forty-five (45) days from the date of finality of this order...."

We do not believe that the quoted statement from the *Lovelace* opinion is authority for saying that the suspension was not effective from and after the entry of the June 29, 1989, Opinion and Order. At the time the September 28, 1989, Opinion and Order were entered, only ninety (90) days, or one-half of the original six (6) months

period of suspension, had elapsed. Thus, the effect of the September 28th edict for the forty-five (45) additional days of suspension was still a forty-five-day reduction from the original period. Nowhere in the Court's Opinion is there any indication that Respondent Lovelace had continued to practice law in violation of the June 29th order. It may be assumed that he was given credit for "time served" on his suspension.

It is further argued that SCR 3.440 provides that an Opinion and Order of this Court in a disciplinary case is not final until a Petition for Rehearing or Reconsideration is ruled on. We do not agree. The rule simply states in part: "The provisions of the Civil Rules regarding petitions for rehearing, reconsideration, and finality shall apply."

CR 76.32(1) clearly states that when final disposition of an appeal is made by an order or opinion and order, the party adversely affected may move for a reconsideration as provided by Rule 76.38(2), but a petition for rehearing *is not authorized.* (Emphasis added.)

As a consequence of this rule, the respondent's so-called "Petition for Rehearing" filed in the instant matter on August 7, 1990, was improper. The KBA's response correctly treated it as a Motion for Reconsideration under CR 76.38(1) and (2), which rule unambiguously states in part as follows:

(1) A decision or ruling styled an "Opinion and Order" is an order.

(2) Unless otherwise provided by these Rules or ordered by the court, a party adversely affected by a decision rendered by order may within 10 days after the date of its entry move the court to reconsider it. *On ex parte motion the court may suspend the effectiveness of such order pending disposition of the motion to reconsider.* (Emphasis supplied.)

Notwithstanding this provision, no ex parte motion to suspend was ever filed by respondent in this case. As a consequence, the suspension was unquestionably effective immediately upon entry of the Opinion and Order as stated therein.

Having so ruled, we nevertheless have adopted the recommendation of the majority of the KBA Board of Governors and hereby dismiss the charge against respondent. We are certain that the Board of Governors, in the interest of fairness, gave the respondent the benefit of the doubt and found good faith on his part based upon the claimed ambiguity in the rules, any confusion engendered by the *Lovelace* opinion, and because he transgressed while acting upon the advice of his learned counsel.

Hereafter, the entire bar will be on notice that CR 76.38(2) means just what it says and will be enforced.

All concur.