**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Leo MARCUM and John R.**
**Triplett, Respondents.**

**No. 92–SC–99–KB.**

Supreme Court of Kentucky.

May 14, 1992.

Ray Clooney, Kentucky Bar Ass'n, Frankfort, for complainant.

Patrick H. Molloy, John L. Smith, Louisville, for respondents.

OPINION AND ORDER OF
PUBLIC REPRIMAND

Leo Marcum and John R. Triplett were charged by the Inquiry Tribunal with violating DR 9.101(B), which provides that a lawyer shall not accept private employment in a matter in which he had substantial responsibilities while a public employee.

The facts in this case are not in dispute. Mr. Marcum and Mr. Triplett were law partners in a firm initially titled "McCoy and Marcum," but later changed to "McCoy, Marcum & Triplett." In January 1988, Mr. Marcum was sworn in as Commonwealth's Attorney for the counties of Martin, Lawrence, and Johnson. Mr. Triplett was sworn as the Assistant Commonwealth's Attorney.

On February 24, 1988, Mr. Marcum, acting in the capacity of Commonwealth's Attorney for Martin County, assisted the Martin County Grand Jury. Evidence was presented therein against Dr. Ekambaram Parameswarem (hereinafter "Dr. Param"). An indictment was returned against Dr. Param, charging him with trafficking in controlled substances by dispensing and prescribing controlled substances to individual patients without good medical reason. Dr. Param pled guilty to a reduced misdemeanor charge on November 9, 1988, and was sentenced on November 30, 1988, to ninety days in jail, which was probated for one year.

On March 3, 1988, William Chapman signed a contingency fee contract with McCoy and Marcum for the purpose of pursuing legal action against Dr. Param and others for medical malpractice. A second individual, Vernon Fletcher, signed a similar contingency fee contract on April 9, 1988. Thereafter, Mr. Marcum and Mr. Triplett continued to be actively involved in the civil action while at the same time prosecuting Dr. Param on his criminal charges.

The Kentucky Bar Association charged the respondents with violating DR 9–101(B). An evidentiary hearing was held by a trial commissioner on October 2, 1991.

The trial commissioner found that "[a]t no time did Leo Marcum or John R. Triplett even mention or attempt to use the criminal proceedings to benefit the civil proceedings or vice versa." Further, the trial commissioner found that the respondents have "excellent reputations for honesty, integrity, truthfulness and ethical dealings." The trial commissioner ultimately found that Mr. Triplett did not violate DR 9–101(B) in that he "did not have substantial responsibilities" as Assistant Commonwealth's Attorney in the prosecution of Dr. Param and had only "very limited contact with the civil proceedings."

The trial commissioner found that Mr. Marcum did violate DR 9–101(B) when he accepted private employment wherein he had substantial responsibilities as a prosecutor. But the trial commissioner recommended that any punishment be tempered with:

> [T]he knowledge that the facts indicate Mr. Marcum to be an honest, ethical and dedicated public servant, who did not intentionally attempt to benefit himself civilly through the use of the criminal proceedings as was the case in *KBA v. Lovelace*, Ky., 778 S.W.2d 651 (1989). It should be noted that Mr. Marcum did not have the benefit of the *Lovelace* decision prior to his conduct. It also appears from his testimony that Leo Marcum has taken this matter very seriously and has been substantially affected by these proceedings.

The Board of Governors, in its report, agreed that "[t]here is no proof that either Mr. Triplett or Mr. Marcum used the pressure of the criminal case as leverage in the civil case." Several mitigating circumstances were taken into account on the part of the respondents. However, the Board voted 14–0 that Mr. Marcum did violate DR 9–101(B), and KRS 15.733. The Board found, in a 10–4 vote, that Mr. Triplett also violated DR 9–101(B). The Board found that Mr. Marcum did not have a previous record. The Board of Governors voted for a public reprimand.

The Board found that Mr. Triplett had previously been given a private reprimand in October 1988 for similar conduct. The Board of Governors also voted to issue a public reprimand against Mr. Triplett.

We agree. We feel that the appropriate punishment in both cases is a public reprimand. The obvious conflict of interest which was created by the respondents manifested an appearance of impropriety which is most disturbing, especially where the attorneys are holding public office. Leo Marcum and John R. Triplett are hereby publicly reprimanded for acceptance of private employment in a matter in which they had substantial responsibilities as prosecutors.

It is ordered that all costs associated with the prosecution of this disciplinary proceeding be paid by the respondents, pursuant to SCR 3.450.

All concur.

ENTERED May 14, 1992.

/s/ <u>Robert F. Stephens</u>
Chief Justice