TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-0851-KB

HUGH M. RICHARDS                                        MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                     RESPONDENT

## OPINION AND ORDER

Movant, Hugh M. Richards, of London, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 3, 1979. On April 2, 2004, the Inquiry Commission of the Kentucky Bar Association (KBA) issued a three-count charge of professional misconduct against Richards. Richards has admitted to the allegations in the charge and has moved this Court to issue a public reprimand along with certain other conditions. The KBA has no objection to this motion. We, therefore, grant the motion and outline the substance of the three counts below.

In July 2000, Orville and Evelyn Rouse paid Richards $500 to represent them in a civil action against Preferred Mobile Homes, in which they were seeking a return of their $2,000 down payment for a mobile home. On December 11, 2000, Richards sent the Rouses a letter stating that he had prepared the complaint and requested that they schedule an appointment to review and sign the complaint. After receiving the letter, Ms. Rouse telephoned Richards and asked that he send them the complaint so they did not have to travel to his law office.

On December 21, 2000, per his clients' instructions, Richards mailed the complaint to the Rouses. They thereafter signed and returned it to him the same month. However, Richards failed to file the complaint in the Laurel District Court until May 31, 2002. Between December 2000 and May 2002, the Rouses repeatedly and unsuccessfully attempted to contact Richards about the status of their case.

During this same time period, Richards was also representing the Rouses in an unrelated class action matter. On September 19, 2002, the Rouses notified Richards that he was being discharged as their counsel in the class action case. Richards thereafter contacted Ms. Rouse on September 23, 2002, and informed her that he was going to withdraw as counsel in the Laurel District Court case as well.

Richards again contacted the Rouses in November 2002 and told them he would be sending a bill for the work he had done prior to his withdrawal. The Rouses never received such bill. Further, despite a request by the Rouses in June 2003, Richards failed to return the $500 retainer fee until September 2003.

The Inquiry Commission charged Richards with violating: (1) SCR 3.130-1.3, which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client," when he failed to file the district court complaint until May 2002; (2) SCR 3.130-1.4(a), which provides that "a lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information," when he failed to respond to his client's request for information from December 2000 through May 2002; and (3) SCR 3.130-1.16(d), which provides that "upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client,

allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned," when he failed to return the Rouses' retainer fee until September 2003.

Richards admits that he is guilty of violating the Rules of Professional Conduct as charged by the Inquiry Commission. Therefore, the KBA having no objection, Richards' motion is granted and it is hereby ordered that:

(1) Hugh M. Richards is publicly reprimanded for his violations of SCR 3.130-1.3; SCR 3.130-1.4(a); and SCR 3.130-1.16(d);

(2) In accordance with SCR 3.450, Richards is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $28.21, and for which execution may issue from this Court upon finality of this Opinion and Order;

(3) Richards will complete, at his own expense, nine (9) hours of remedial ethics and law office management education - separate and apart from his fulfillment of any other continuing education requirement - within two (2) years of the entry of this Opinion and Order;

(4) The remedial ethics education must be satisfied by Richards' personal attendance at a live continuing education program, a satellite or video continuing education program in the presence of a monitor, or other programs approved in advance by the KBA Office of Bar Counsel.

(5) If Richards fails to comply with any of the above terms or if charges of like or similar violations are issued against him by the Inquiry Commission during the next two (2) years from the entry of this Opinion and Order, then, upon motion of the KBA Office

of Bar Counsel, the public reprimand may be converted into a thirty-day (30) day suspension from the practice of law.

All concur.

Entered: December 22, 2005.

_____
CHIEF JUSTICE