**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Steve P. ROBEY, (KBA Member No. 59230), Respondent.**

**No. 2006–SC–0358–KB.**

Supreme Court of Kentucky.

Aug. 24, 2006.

**OPINION AND ORDER**

The Kentucky Bar Association ("KBA") brought this action against Respondent,

Steve P. Robey on November 15, 2005, for violations of SCR 3.130–1.4(a) (lack of adequate communication with a client) and SCR 3.130–1.16(d) (failure to return property to a client upon termination). Respondent's KBA member number is 59230 and his bar roster address is The Trader Bldg., 508 E. Main St., P.O. Box 302, Providence, KY 42450–0302.

Respondent was admitted to the bar on May 9, 1975. His disciplinary history includes one temporary suspension from the practice of law on September 22, 2005. This action arose from a bar complaint filed by Mr. Van Nabb. In January or February of 2004, Nabb retained Valerie Bock, an associate in Respondent's law office, to represent him in filing a civil complaint alleging breach of a construction contract. Bock terminated her association with Respondent in March of 2004, but Nabb elected to retain her as his attorney. In April of 2004, Respondent agreed to "cover" Bock's cases while she took a six-week medical leave. Nabb's file was transferred to Respondent's office, and Respondent agreed to meet with Nabb to discuss the case. However, Respondent did not respond to Nabb's frequent attempts to contact him about the progress of the case. After being unsuccessful in contacting Respondent, Nabb became discouraged and began requesting the return of his file. Again, he received no response. Nabb frequently went to Respondent's office to try and retrieve the file. At one point, Nabb saw Respondent in the parking lot of his office and asked for the file. Respondent replied that he did not have Nabb's "damn file."

Nabb contacted the KBA's Client Assistance Program, which drafted a letter to the Respondent and to Bock, his former associate, requesting the return of Nabb's file. The Webster County Attorney, Clint Prow, also made inquiries on Nabb's behalf in an effort to retrieve his file. Final-

ly, on August 2, 2004, Bock retrieved the file from Respondent's office and delivered it to Prow. Nabb's wife picked up the file from Prow the same day. During this period of time, Respondent exchanged many letters with the KBA attempting to explain his actions. His explanations contained many inconsistencies and were unconvincing to the KBA, resulting in the November 15, 2005, two-count charge against him.

Respondent has failed to respond to the charge against him, despite being personally served by a sheriff and presumably receiving a warning letter sent to his bar roster address. As a result of Respondent's failure to answer, the Chair of the Inquiry Commission of the KBA submitted the matter to the Board of Governors for default judgment under SCR 3.210(1).

The Board of Governors considered the charge at its meeting on March 17, 2006. Considering all of the evidence, especially the inconsistencies in Respondent's communications with the KBA, the Board found Respondent guilty on all counts by a vote of seventeen to one, with two members absent and one member abstaining, and recommended that Respondent be publicly reprimanded. We agree with the recommendation of the Board of Governors and adopt it in full pursuant to SCR 3.370(10). Accordingly, IT IS HEREBY ORDERED that:

1. Respondent, Steve P. Robey, is publicly reprimanded.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $232.63, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice