Steve P. ROBEY, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2007–SC–000951–KB.

Supreme Court of Kentucky.

Oct. 23, 2008.

## OPINION AND ORDER

Steve P. Robey, who was admitted to practice law in 1975 but who has been under temporary suspension since September 2005,[1] has filed a motion to resign from the Kentucky Bar Association under terms of permanent disbarment.[2] The KBA has filed a response stating that it has no objection to Robey's motion.

Several disciplinary matters are pending against Robey. The essential facts involved in each charge are as follows:

- *KBA File 12217.* In 2006, Robey pleaded guilty in the Hopkins Circuit Court to two Class D felony counts of wanton endangerment and one Class D felony count of first-degree possession of a controlled substance. Robey was sentenced to one year on each charge, to run concurrently; and that sentence was probated for three years. As a result of his felony convictions, Robey was charged with violating SCR 3.130–8.3(b) (providing that it is professional misconduct for an attorney to engage in a criminal act that reflects upon the attorney's honesty, trustworthiness, or fitness as a lawyer). Robey's probation ultimately was revoked after he was charged with additional

---

1. *See Inquiry Commission v. Robey,* 172 S.W.3d 404 (Ky.2005) (temporarily suspending Robey from the practice of law after finding that there was probable cause to believe that he was addicted to intoxicants or drugs).

2. Robey's KBA member number is 59230; and his bar roster address is The Trader Building, 508 East Main Street, P.O. Box 302, Providence, Kentucky 42450.

crimes, as detailed below in KBA File 14978.

- *KBA File 12899.* Robey was arrested on the felony charges listed above in the Webster County Courthouse. At the time of his arrest, Robey possessed controlled substances, which led to several misdemeanor charges being filed against him. Robey pleaded guilty to five misdemeanor controlled substance-related charges and was sentenced to 150 days in jail, conditionally discharged for one year. As a result of his convictions, Robey was charged with violating SCR 3.130(8.3)(b) and (8.1)(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority).

- *KBA File 13178.* Robey failed to appear in court several times on behalf of a client who had paid Robey approximately $2,300 to defend him in a criminal matter. Robey failed to return his client's phone calls and also refused to return any unearned portion of the $2,300 upon termination of his representation. As a result of a bar complaint filed by his former client, Robey was charged with violating SCR 3.130(1.3) (lack of diligence), (1.4)(a) (failure to keep a client reasonably informed), (1.16)(d) (refunding unearned fee on termination of representation), and (8.1)(b).

- *KBA File 13277.* Robey was charged in the Webster District Court with two counts of theft by deception, a class A misdemeanor, as a result of two worthless checks Robey passed (one of which was passed to the Webster County Clerk). A diversion agreement was reached whereby the case was diverted for one year, conditioned upon Robey committing no further offenses. Robey also pleaded guilty to an apparently reduced charge of one count of theft by failure to make required disposition of property under $300 in the Webster District Court stemming from his failure to deposit two checks into the account of an estate for which Robey was the executor. For his theft by failure to make required disposition conviction, Robey was sentenced to thirty days in jail, probated for twelve months, and ordered to pay restitution to the estate in question. As a result of his criminal convictions, Robey was again charged with violating SCR 3.130(8.1)(b) and (8.3)(b).

- *KBA File 13567.* This charge also stems from Robey's role as the executor of the estate previously mentioned in KBA File 13277. Robey filed an inventory but took no further action, and the trial court eventually granted an heir's motion to remove Robey as the estate's executor. As a result of his inaction during the pendency of his executorship, Robey was charged with violating KBA 3.130(8.1)(b), (1.3), and (4.4) (improperly delaying a matter).

- *KBA File 13568.* Despite having been paid a retainer fee, Robey failed to appear on behalf of a client at a preliminary hearing in a criminal matter in the Union Circuit Court. As a result, Robey was charged with violating SCR 3.130(8.1)(b), (1.3), and (3.2) (requiring an attorney to make reasonable efforts to expedite litigation).

- *KBA File 13569.* Robey was retained to represent two clients in a civil matter involving an auto accident. Robey filed an action on his clients' behalf but took no further action in the case. Robey failed to appear at numerous hearings, resulting in the dismissal of his clients' claim. As a result, Robey was charged with violating SCR 3.130(1.3), (3.2), (1.16)(d), (3.4)(c) (in-

tentionally disobeying a tribunal), (3.4)(d) (failing to respond to a proper discovery request), and (8.1)(b).

- *KBA File 13681.* Robey was retained to represent a client charged with DUI fourth offense and related charges, but Robey's client contends that Robey missed two court appearances and did not introduce evidence at trial that would have shown that the client was in diabetic shock, rather than being intoxicated. The client was convicted and, surprisingly, paid Robey an additional $3,650 to represent him in an appeal. Robey filed a notice of appeal but took no other steps on his client's behalf, which ultimately resulted in the Court of Appeals dismissing the client's appeal.[3] Additionally, Robey did not return his client's phone calls and did not inform his client that he had been temporarily suspended from the practice of law, despite the temporary suspension order's express requirement that Robey inform all of his clients of his suspension. Robey was charged with violating SCR 3.130(1.3), (1.4)(a), (1.16)(d), and (3.4)(c).

- *KBA File 14933.* In early 2007, a former client of Robey's filed a bar complaint against Robey, alleging that he allowed or caused her son's criminal case to be "dragged on" for nearly three years. Robey also appears to have not refunded some of his unearned fee. No charges against Robey related to this matter have been issued yet by the KBA; but Robey admits in his motion that a charge

could issue against him for violating SCR 3.130(1.4)(a), (1.16)(d), and (3.2).

- *KBA File 14978.* In early 2007, Robey was charged in the Webster Circuit Court with first-degree possession of a controlled substance, second offense (a Class C felony); several misdemeanors; and with being a persistent felony offender in the second degree. Robey pleaded guilty to the felony charge of possession of a controlled substance in December 2007. No charges against Robey related to this matter have been issued yet by the KBA, but Robey admits in his motion that a charge could issue against him for violating SCR3.130(8.3)(b).

From the record before us, it is clear that Robey has engaged in a pattern of serious misconduct, much of which involves criminal conduct or misusing client funds. He has a previous disciplinary history (one private reprimand and one public reprimand).[4] And we have disbarred attorneys who had fewer felony convictions than Robey.[5] So we agree with Robey that his sustained pattern of serious misconduct merits disbarment, which is why we denied Robey's previous motion for a mere suspension from the practice of law.

Therefore, we order:

1) Steve Robey's motion to resign as a member of the Kentucky Bar Association under terms of permanent disbarment is granted;

2) In accordance with SCR 3.450, Robey is directed to pay all costs associated with

---

3. The client's appeal was eventually reinstated after the Court of Appeals found that the failure to file a brief should not have been attributed to Robey's client.

4. *Kentucky Bar Association v. Robey,* 198 S.W.3d 587 (Ky.2006) (publicly reprimanding Robey for failing to properly communicate

with a client and refusing to return a client's file).

5. *See, e.g., Kentucky Bar Association v. Rorrer,* 222 S.W.3d 223 (Ky.2007) (disbarring attorney for being convicted of one felony count of conspiracy to commit money laundering).

these disciplinary proceedings against him, $1,894.18, for which execution may issue from this Court upon finality of this Opinion and Order. Robey shall also timely and fully pay any restitution or refund any unearned fees to his former clients, if ordered to do so by the KBA; and

3) Under SCR 3.390, Robey shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible, Robey shall immediately cancel and cease any advertising activities in which he is engaged and shall comply with the notice provisions of SCR 3.480(3)(b).

MINTON, C.J.; ABRAMSON, NOBLE, SCHRODER, SCOTT, and VENTERS, JJ., sitting. All concur.
CUNNINGHAM, J., not sitting.

ENTERED: October 23, 2008.
/s/ John D. Minton
Chief Justice