**Keith U. LAURIN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2009–SC–000192–KB.**

Supreme Court of Kentucky.

May 21, 2009.

### *OPINION AND ORDER*

Movant, Keith U. Laurin, KBA Member No. 40270, moves this Court to publically reprimand him with conditions, pursuant to SCR 3.480(2) for his violation of SCR 3.130–1.1, SCR 3.130–1.3, and SCR 3.130–1.4(a). The Kentucky Bar Association expresses no objection to Laurin's motion. Finding public reprimand appropriate for Laurin's violations, we hereby grant his motion for the reasons set forth below. Laurin was admitted to the practice of law on April 1, 1971, and maintains a bar roster address of 227 Pearl Street, New Albany, Indiana 47150.

In February 2004, Patrick Kelly hired Laurin to form a tax-exempt organization pursuant to 26 USC § 501(c)(3). In March 2004, Kelly paid Laurin $650 for his services which included the formation of a limited liability company. Later, Laurin gave Kelly some forms and told him that he would file the completed forms with the Internal Revenue Services (IRS) to obtain tax-exempt status. Laurin never filed any of the forms completed by Kelly with the IRS.

In July 2004, Kelly contacted Laurin requesting the Employer's Identification Number (EIN) for the LLC. Laurin told Kelly he had not obtained an EIN, and directed Kelly to contact the IRS. Kelly contacted the IRS, obtained an EIN, and provided it to Laurin.

Several months later, Kelly asked Laurin about the status of his matter. Laurin erroneously told Kelly that he sent the documents to the IRS to apply for tax-exempt status and that he would contact him when the IRS provided a response.

In November 2004, Kelly again contacted Laurin. Laurin told Kelly he could not speak then and would call him back, but did not do so. Thereafter, Kelly left several messages for Laurin which were never returned.

Laurin now admits that during his representation of Kelly he violated SCR 3.130–1.1 by failing to create an organization for Kelly which could qualify to obtain tax-exempt status.

Laurin admits that he violated SCR 3.130–1.3 by failing to promptly obtain an EIN for Kelly's organization and by failing to promptly attempt to obtain tax-exempt status for the organization.

And Laurin admits that he violated SCR 3.130–1.4(a) by failing to adequately respond to Kelly's reasonable requests for information about the status of his matter.

Laurin received prior discipline in the form of private admonishments by the KBA Inquiry Commission in January 1985 and October 1999.

After reviewing Laurin's file and receiving the recommendation of the KBA, we now order that his motion for a public reprimand with conditions be granted. *See Richards v. Kentucky Bar Associa-*

*tion,* 181 S.W.3d 556 (Ky.2005) (holding that a public reprimand along with completion of nine hours of remedial continuing education credit adequate punishment for failure to provide diligent representation to client); *Kentucky Bar Association v. Nesbitt,* 189 S.W.3d 144 (Ky.2006)(ordering a public reprimand for attorney's failure to file client's brief and failure to communicate properly with client); *Kentucky Bar Association v. Noble,* 118 S.W.3d 586 (Ky.2003)(providing a public reprimand for an attorney who failed to act with diligence and reasonableness in representing client).

Accordingly, it is ORDERED that:

1. Movant, Keith U. Laurin, KBA Member No. 40270, is publicly reprimanded for his violation of SCR 3.130–1.1, SCR 3.130–1.3, and SCR 3.130–1.4(a).

2. Movant will reimburse Patrick Kelly the sum of $650.00, within thirty (30) days of the entry of this order, with proof of payment of the refund to the Office of Bar Counsel (OBC) within the same thirty (30) day time period.

3. Movant must attend the next Ethics and Professional Enhancement Program to be offered by the Office of Bar Counsel if Movant did not attend the EPEP offered in April 2009. Movant will not apply for CLE credit of any kind for his attendance at the Ethics and Professional Enhancement Program, and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that Movant has not reported any hours to the CLE Commission that are taken as remedial education.

4. If Movant fails to comply with any of the terms of discipline as set forth herein, including failure to attend EPEP, the public reprimand may become a sixty-one (61) day suspension from the practice of law, upon application of the OBC to this Court.

5. In accordance with SCR 3.450, Movant is directed to pay all costs in the amount of $29.79 for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: May 21, 2009.

/s/ John D. Minton Jr.

Chief Justice