KENTUCKY BAR ASSOCIATION, Movant,

v.

Fielding E. BALLARD III, Respondent.

No. 2011–SC–000213–KB.

Supreme Court of Kentucky.

Sept. 22, 2011.

## OPINION AND ORDER

Fielding E. Ballard III was admitted to the practice of law in this Commonwealth on September 1, 1973. His bar roster address is P.O. Box 515, Shelbyville, Kentucky 40066–0515. At all times relevant herein, Respondent was the Commonwealth's Attorney for the 53rd Judicial Circuit, which includes Shelby County.

Respondent was charged with a number of allegations of misconduct. In KBA File 14697, Respondent, in addition to being the Commonwealth's Attorney, represented a creditor that had filed suit against a debtor. The debtor claimed partial payment of the debt to the creditor's manager. At the same time, Respondent obtained an indictment from the Shelby County grand jury against the creditor's manager for possession of two forged checks on the creditor's account. Respondent worked out a plea agreement with the creditor's manager, and the civil case against the debtor was eventually dismissed for a lack of prosecution. Respondent was charged by the Inquiry Commission with one count of violation of SCR 3.130–1.7(b), which provided in part: "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests...."[1]

1. SCR 3.130–1.7 was amended, effective July 15, 2009. The current equivalent of former

In KBA File 15987, Respondent was charged with mishandling three cases in which he was appointed special prosecutor by the Attorney General. Two cases involved murder charges and the third was also a felony. The Respondent missed pretrial conferences, trial dates, and a show cause hearing, ultimately resulting in the three cases being dismissed with prejudice. When the Attorney General rescinded Respondent's appointments and requested the files be returned, Respondent ignored the request. The Inquiry Commission issued a four-count charge against Respondent, charging him with violation of SCR 3.130–1.1 (provide competent representation); SCR 3.130–1.3 (act with reasonable diligence and promptness); SCR 3.130–3.2 (make reasonable efforts to expedite litigation); and SCR 3.130–1.16(d) (surrender papers and files to the client upon termination of representation).[2]

Respondent has admitted the above violations, and pursuant to SCR 3.480(2), negotiated a sanction with Bar Counsel for a thirty-day suspension, probating the suspension for one year on the conditions that he have no further violations, and attend the Ethics and Professionalism Enhancement Program. Bar Counsel agreed with this disposition, in spite of the fact that Respondent had two prior disciplinary matters. On September 5, 1986, Respondent received a private admonition for a conflict of interest in representing a former client. Again, on December 7, 1994, Respondent received a private admonition for his inadequate representation of his clients in an appeal and failing to notify the clients of the dismissal of the appeal.

This Court rejected the negotiated sanction, and remanded the case to the Board of Governors to consider an appropriate sanction. The Board recommended a public reprimand. This Court was of the opinion that the recommended sanction was inadequate and issued a notice of review, pursuant to SCR 3.370(9), giving the parties an opportunity to file briefs addressing a proper sanction.

Respondent requests that this Court impose only a public reprimand. He requests that this Court consider in mitigation that he has admitted the charged violations; that he attended the Ethics and Professional Enhancement Program in early 2010; and that at the times in question, he had a heavy caseload and had been diagnosed with Type–2 diabetes. The KBA also requests only a public reprimand as an appropriate sanction.

The charges in KBA File 14697 are similar to those in the case of *Kentucky Bar Association v. Lovelace*.[3] The respondent therein was also a Commonwealth's Attorney, who was charged with two conflicts of interest for representing plaintiff clients in two civil matters, while at the same time obtaining indictments against the civil defendants for the same occurrences. Unlike the Respondent in this case, Lovelace withdrew as attorney for the Commonwealth prior to any significant step in either the civil or criminal actions.[4] The Court made it very clear that "whenever a

SCR 3.130–1.7(b) is SCR 3.130–1.7(a)(2). *See also* current SCR 3.130–1.7(b) (exceptions to current SCR 3.130–1.7(a)).

**2.** SCR 3.130–1.16(d) was amended, effective July 15, 2009. The amendment is not significant to the charges herein.

**3.** 778 S.W.2d 651 (Ky.1989).

**4.** Pursuant to KRS 15.733.

public prosecutor deems it necessary to [withdraw as prosecutor], he should also withdraw from any other case, civil or criminal, arising out of the same transaction or occurrence."[5]

Although the Court in *Lovelace* noted that there was no evidence of any intent to obtain an unfair advantage in either the civil or criminal cases, there was nevertheless a violation of the disciplinary rules. The Court recognized that

> [w]hen an attorney declares his intention to seek elective office as a Commonwealth Attorney or a county attorney, it should be with the certain knowledge that his civil practice will be severely restricted upon assuming the office and that the public office he holds will take precedence over his private practice. A prosecutor must decline employment in any civil action when there is any reasonable probability that a criminal prosecution might arise from the circumstances of the case. If, after accepting employment in a civil matter, a criminal prosecution arises from the circumstances of the case the prosecuting attorney must withdraw from the civil proceeding and disqualify himself from handling the prosecution.

> While the views expressed above do not represent a change in the law, we note that in the past such rules have frequently been observed with a great degree of flexibility. **In the future, however, violations of the rules reiterated herein will not be tolerated.**[6]

The Court then reduced a six-month suspension to forty-five days, but did require the respondent to serve all forty-five days.

The KBA cites *Kentucky Bar Association v. Marcum*[7] as a similar case justifying only a public reprimand. The respondents, a Commonwealth's Attorney and an Assistant Commonwealth's Attorney, obtained an indictment against a doctor and then represented clients in a civil action against the same doctor. The Court agreed there was a conflict of interest and violation of the disciplinary rules in "acceptance of private employment in a matter in which they had substantial responsibilities as prosecutors."[8] However, the Court noted that the Respondents did not have the benefit of the *Lovelace* decision prior to the conduct.[9] One respondent did not have a prior record, while the other had been issued a private reprimand for similar conduct. The Court agreed with the Board of Governors that a private reprimand was appropriate in both cases.

The Respondent in this case **did** have advantage of the *Lovelace* decision and its warning as to future cases, had a prior disciplinary record for this type of violation, and has numerous other charges in this case, which renders a public reprimand totally inadequate. Under the guidelines in *Lovelace*, a sixty-day suspension would be more appropriate.

In KBA File 15987, Respondent mishandled three serious cases-two murder cases and another serious felony. All three were dismissed with prejudice because of Respondent's failure to provide competent

---

5. *Lovelace*, 778 S.W.2d at 653 (citing *Commonwealth v. Hubbard*, 777 S.W.2d 882 (Ky. 1989)).

6. *Lovelace*, 778 S.W.2d at 653–54 (emphasis added).

7. 830 S.W.2d 389 (Ky.1992).

8. *Id.* at 390.

9. *Id.*

representation,[10] failure to act with diligence and promptness,[11] and failure to expedite litigation.[12] In addition, Respondent failed to return the files to the client (the Attorney General).[13] Cases involving similar charges with a single client have resulted in public reprimands.[14] Those cases involved isolated events, whereas the Respondent in this case—in addition to having a prior record of mishandling a case—mishandled three cases, two of which resulted in the dismissal of murder charges. Under these circumstances, a sixty-day suspension would be warranted rather than a public reprimand.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Respondent, Fielding E. Ballard III, is hereby adjudged guilty of one count of violating former SCR 3.130–1.7(b) as set forth in KBA File 14697; and four counts, one count each, of violating SCR 3.130–1.1, SCR 3.130–1.3, SCR 3.130–3.2, and SCR 3.130–1.16(d), as contained in KBA File 15987;

2. The Respondent is hereby suspended from the practice of law in this Commonwealth for a period of sixty (60) days for the violation in KBA File 14697, and for sixty (60) days for the violations in KBA File 15987, to run consecutively for a total suspension of 120 days;

3. The Respondent shall notify all courts in which he has matters pending, and all clients for whom he is actively involved in litigation and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. The Respondent shall provide a copy of all such letters to the Director of the KBA;

4. The Respondent immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5. The Respondent pay the costs of these proceedings, certified in the amount of $870.82, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 22, 2011.

/s/ John D. Minton Jr.

CHIEF JUSTICE

---

10. SCR 3.130–1.1.

11. SCR 3.130–1.3.

12. SCR 3.130–3.2.

13. SCR 3.130–1.16(d).

14. *See Laurin v. Kentucky Bar Ass'n,* 282 S.W.3d 325 (Ky.2009) (public reprimand with conditions for failing to file documents to create a tax-exempt organization); *McAdam v. Kentucky Bar Ass'n,* 262 S.W.3d 640 (Ky. 2008) (public reprimand for failure to timely file brief or respond to show cause orders in Court of Appeals); *Kentucky Bar Ass'n v. Robey,* 198 S.W.3d 587 (Ky.2006) (public reprimand for failure to communicate with client and failure to return file upon request).