KENTUCKY BAR ASSOCIATION,
Movant,

v.

Leo A. MARCUM, Respondent.

No. 2009–SC–000267–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

As Corrected Sept. 16, 2009.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Leo A. Marcum, who was admitted to the practice of law in 1971, and whose bar roster address is P.O. Box 178, Lowmansville, Kentucky 41232, be suspended from the practice of law for 181 days. We adopt the Board's recommendation.

In the course of investigating allegations of professional misconduct against Marcum, the Inquiry Commission discovered that Marcum had withdrawn a substantial sum of money in his own name from his escrow account at the Inez Deposit Bank. The Inquiry Commission issued a subpoena duces tecum to the Bank for Marcum's bank records, deposit slips, and canceled checks for the account entitled, "Leo Marcum, Trustee," for certain dates between 2005 and 2008. A review of those bank records indicated apparent irregularities, including such items as the account being overdrawn for about three weeks in 2005, a payment identified as a donation for a judge's reception in 2005, payments to an attorney for legal fees for Marcum's son, and over 150 checks identifying Marcum as the payee.

As a result of its investigation, the Inquiry Commission issued a two-count charge against Marcum. Count I charged Marcum with violating SCR[1] 3.130(1.15)(a), which requires a lawyer to hold separate from the lawyer's own property the property belonging to clients or to third persons. Count II charged Marcum with violating SCR 3.130(8.3)(c), which provides that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, [or] deceit. . . ."[2]

Marcum did not answer the charges, and the case was submitted to the Board as a default case. The Board unanimously found Marcum guilty of Count I and, by a vote of fifteen to two, found him guilty of Count II. After reviewing Marcum's substantial disciplinary history—consisting of two public reprimands and three private reprimands—fifteen members of the Board voted to suspend Marcum for 181 days. Two members voted for a sixty-day suspension.

Marcum has not filed a notice of review under SCR 3.370(8), nor do we independently elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

Accordingly, the Court ORDERS:

1) Leo A. Marcum is guilty of one count of violating SCR 3.130(1.15)(a) and one count of violating former SCR 3.130(8.3)(c) (now SCR 3.130(8.4)(c)), for which he is suspended from the practice of law for 181 days from the date of this opinion and order;

2) In accordance with SCR 3.450, Marcum is directed to pay all costs associated

---

1. Rules of the Supreme Court.

2. At the time of the charge, this provision was contained in SCR 3.130(8.3)(c). Effective July 15, 2009, this provision is now renumbered within SCR 3.130(8.4)(c).

with these disciplinary proceedings, said sum being $284.78, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Marcum shall notify all necessary courts and clients of his suspension in accordance with SCR 3.390. Those notifications shall be made by letter placed in the United States mail within ten days from the date of this Opinion and Order. Marcum shall also simultaneously provide a copy of all such letters to the Executive Director of the Kentucky Bar Association. Also, to the extent possible, Marcum shall cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.
CHIEF JUSTICE