**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Leo MARCUM, Respondent.**

**No. 2010–SC–000105–KB.**

Supreme Court of Kentucky.

April 22, 2010.

## OPINION AND ORDER

Leo Marcum, KBA Member No. 43870, was admitted to the practice of law in Kentucky in 1971. His bar roster address is P.O. Box 178, Lowmansville, Kentucky 41232. Now before this Court are two KBA files which allege Marcum engaged in professional misconduct. KBA File No. 12492 concerns Marcum's representation of Ella Pauley, and KBA File No. 11629 concerns Marcum's representation of Elmer and Evaleena Mullins. The Trial Commissioner's amended report recommended that Marcum be adjudged guilty of the majority of the charges in both files and that he receive a one-year suspension from the practice of law in Kentucky to run consecutively and separately from sanctions he has received in previous disciplinary matters. Since neither Marcum nor the KBA filed a notice of appeal pursuant to SCR 3.360(4) we now enter a final order pursuant to SCR 3.370(10) adopting the Trial Commissioner's recommendation.

## FINDINGS OF FACT

The Trial Commissioner made the following Findings of Fact which, pursuant to SCR 3.370(10), we adopt as our own.

### File No. 12492–ELLA PAULEY

Ella Pauley hired Marcum on April 14, 1999, to represent her in a personal injury claim arising from a car wreck. In September 2000, Marcum filed suit against tortfeasor Barry McClanahan in Fayette Circuit Court. However, the address Marcum believed McClanahan lived at was incorrect, and McClanahan was not given notice of the lawsuit nor ever found. Marcum apparently made no other effort to contact McClanahan and on October 30, 2002, the Fayette Circuit Court sent Marcum a CR 77.02 Notice to dismiss the claim for lack of prosecution. Subsequently, on March 14, 2003, the Fayette Circuit Court dismissed the case for lack of prosecution.

On May 14, 2004, Marcum found a new address for a Barry McClanahan and asked the Fayette Circuit Clerk to issue another summons to the McClanahan at that address. On June 18, 2004, Marcum filed a motion to redocket Ms. Pauley's case stating that McClanahan had been found. Marcum's representation that McClanahan had been found, however, was not true. The motion was granted by the Fayette Circuit Court on July 14, 2004.

On July 16, 2004, the McClanahan who was served with notice of the lawsuit called Marcum's office and talked to someone other than Marcum. This person claimed he was not the McClanahan involved in the accident with Ms. Pauley. Marcum did not follow up after learning this information. In August 2004, Marcum asked the Fayette County Sheriff to locate McClanahan and was eventually told in September 2004 that McClanahan had moved to an unknown address. Marcum apparently

made no other efforts to locate McClanahan and the case was subsequently dismissed again since McClanahan was not served.

During all of this, the record indicates that Marcum never notified Ms. Pauley of the notice to dismiss for lack of prosecution, the dismissal, or the reinstatement of her case. Further, Marcum did very little to represent Ms. Pauley and gave most of the work on the case to other staff members. Marcum does admit that he failed to respond to KBA letters and requests for information during its investigation into this matter.

Based on these actions, the Inquiry Commission charged Marcum on December 15, 2005, with five counts of misconduct. Count one alleged a violation of SCR 3.130–1.1 for failure to properly represent Ms. Pauley. Count two alleged a violation of SCR 3.130–1.3 for failure to act with reasonable diligence and promptness in representing Ms. Pauley. Count three alleged a violation of SCR 3.310–1.4(a) for failure to keep Ms. Pauley reasonably informed about the status of her case and failure to comply with her requests for information. Count four alleged a violation of SCR 3.130–3.2 for Marcum's failure to take reasonable efforts to expedite litigation in Ms. Pauley's interest. Count five alleged a violation of SCR 3.130–8.1(b) for failure to respond to the KBA's requests for information in connection with this disciplinary matter.

### File No. 11629–ELMER AND EVALEENA MULLINS

Sometime in late May or early June, 2003, Elmer and Evaleena Mullins hired Marcum to collect $1,930.00 they paid to builder John Burchett. Marcum called Burchett while the Mullinses were meeting with him and demanded that he return the money. Burchett complied and gave Marcum the money within a few days. Marcum in return gave the Mullinses a check in the amount of $1,630.00, retaining $300.00 for his services. The Mullinses however returned the check and decided that they wanted to sue Burchett for $4,000.00 to recoup attorney fees and other costs. Marcum agreed to represent them and said he would file suit, charging them a one-third contingency fee. However, Marcum provided no written agreement about costs and attorney fees. No evidence has ever been presented to indicate that Marcum filed suit against Burchett. Mrs. Mullins tried to contact Marcum multiple times in the following months but was not successful. In May or June 2005, Mrs. Mullins asked Marcum to return the $1,630.00 to her. She never heard from him and she never received the money. Evidence indicates that Marcum's escrow account has less than the $1,630.00 the Mullinses requested.

In June, 2004, the Office of Bar Counsel requested information from Marcum relating to the Mullins' case. Marcum did not respond. In December 2004, the KBA sent another letter asking for an explanation of the matter and a copy of the escrow record. Marcum did not respond.

On September 9, 2005, the KBA sent Marcum a reminder letter of his failure to respond. This letter also advised him that a review of his escrow account at the Inez Deposit Bank, which the Inquiry Commission had subpoenaed, did not reflect that the money Burchett gave him had been refunded to him. The letter also informed Marcum that his escrow account had a negative balance. Bar Counsel asked Marcum to provide verification that he was keeping money from third parties in his possession in a separate bank account where the bank would notify the KBA if an overdraft occurred. Marcum failed to re-

spond to the letter or any of the KBA's requests for information.

The record discloses that Marcum co-mingled his personal funds with money belonging to third-parties. At the Trial Commissioner hearing, Marcum admitted that "sometimes we have a lot of money in the escrow account that belongs to me." Further, evidence presented at the hearing demonstrated that, from his escrow fund, Marcum advanced to individuals who were not entitled to escrow funds at least $1,000.00, loaned himself money of at least $1,500.00, wrote checks to his son for at least $500.00, wrote checks for cash, wrote a check to West Group for $5,342.00, and wrote a check for $4,000.00 to Premier Motors for a van for the business.

Based on these actions, the Inquiry Commission filed charges against Marcum on December 27, 2007, alleging six counts of professional misconduct. Count one alleged a violation of SCR 3.130–1.3 for Marcum's failure to act with reasonable diligence and promptness in representing the Mullinses. Count two alleged a violation of SCR 3.310–1.4(a) for failure to keep the Mullinses reasonably informed about the status of their case and his failure to promptly comply with their reasonable requests for information. Count three alleged a violation of SCR 3.130–1.15(a) for failure to maintain separate accounts for third-party or client property where the bank would notify the KBA in case of an overdraft. Count four alleged a violation of SCR 3.130–1.15(b) for either failing to deliver funds belonging to Burchett or to the Mullinses or hold said funds in a trust until the resolution of the matter. Count five alleged a violation of SCR 3.130–8.1(b) for failure to respond to letters sent by the KBA requesting information on this disciplinary matter. Count six alleged a violation of SCR 3.130–8.1(c) for professional misconduct by taking $1,630.00 that belonged to the Mullinses to file a lawsuit against Burchett, and then failing to file the lawsuit or return the money.

## CONCLUSIONS OF LAW

The Trial Commissioner held a hearing on June 4, 2009. Following the hearing, the Trial Commissioner made the following Conclusions of Law in a report filed on December 17, 2009, on KBA Files 12492 and 11629 which we adopt as our own.

### File No. 12492–ELLA PAULEY

■ Marcum violated SCR 3.130–1.1 and SCR 3.130–3.2 by failing to provide competent representation to Ms. Pauley. Marcum gathered sufficient information to obtain an offer on Ms. Pauley's case and undertook to file a lawsuit against the tortfeasor, but then failed to effectuate proper service and follow up on the lawsuit. After learning that McClanahan's service address had expired, Marcum then waited another three and one-half years to try to locate him. Marcum also failed to follow up with the person who received service of the lawsuit, but claimed not to be McClanahan. The case was ultimately dismissed for lack of prosecution. Ms. Pauley was never notified of any of these matters.

Marcum also violated SCR 3.130–1.3 by failing to obtain service of process on McClanahan for three and one-half years, and violated SCR 3.130–1.4(a) by failing to keep Ms. Pauley informed about the status of the matter and promptly complying with reasonable requests for information. Ms. Pauley tried to communicate with Marcum, but there is no compelling evidence that Marcum advised her of the dismissal or the reinstatement either in person or by phone.

And finally, Marcum violated SCR 3.130–8.1(b) by failing to respond to three

letters from Deputy Counsel at the KBA seeking information about the case.

### File No. 11629–ELMER AND EVALEENA MULLINS

■ Marcum violated SCR 3.130–1.3 by failing to act with reasonable diligence and by failing to take proper safeguards with his clients' funds. Funds belonging to the Mullinses were co-mingled, spent, and their use was unauthorized. *See KBA v. Hall*, 173 S.W.3d 621, 625 (Ky.2005). Marcum also failed to act with reasonable diligence with respect to informing the Mullinses of his fees for representation.

Marcum violated SCR 3.130–1.15(a) by providing improper advances from his bank account. Marcum or his paralegal wrote personal checks to himself without documentation or explanation, he or his paralegal wrote checks to family members (son), without documentation or explanation, and he paid office expenses, all out of his escrow account. Moreover, Marcum did not know if his bank had agreed to notify the KBA of an overdraft.

Marcum violated SCR 3.130–1.15(b) by not notifying clients of receipt of funds in which they may have an interest and to promptly deliver such funds to his clients. Marcum notified the Mullinses upon receiving the check from Burchett and attempted to give it to the Mullinses. However, the Mullinses returned the check to Marcum, and requested a lawsuit be filed against Burchett. However, when the Mullinses were unsatisfied with the progress of the lawsuit, and requested the money be returned, Marcum did not comply.

Marcum violated SCR 3.130–8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority on this matter.

Marcum violated SCR 3.140–8.3(c) by engaging in professional misconduct related to dishonesty by expending the Mullinses' funds as his own.

However, the Trial Commissioner found that Marcum did not violate SCR 3.130–1.4(a) because the record does not contain sufficient proof that the Mullinses were not provided information on the case as requested or that they made requests for information.

### CONCLUSION

■ Based on the above violations, the Trial Commissioner determined that the appropriate punishment was a one year suspension from the practice of law. This conclusion was based in part on the prior disciplinary history of Marcum. Marcum has been reprimanded twice, admonished three times, and suspended once for 181 days. In October 2000, Marcum was publicly reprimanded for violating SCR 3.130–1.4(a) (failure to keep clients informed). *See KBA v. Marcum*, 28 S.W.3d 861 (Ky. 2000). In July, 2005, Marcum received a private admonition for violating SCR 3.130–1.3 (reasonable diligence and promptness in representing a client) and SCR 3.130–8.1 (responding to demands from the disciplinary authority). In 2009, Marcum violated SCR 3.130–1.15(a) (requiring a lawyer to hold client funds separately from his own) and SCR 3.130–8.3(c) (professional misconduct), *see KBA v. Marcum*, 292 S.W.3d 317 (Ky.2009), and was suspended for 181 days.

Based on the seriousness of the current charges against Marcum, his past disciplinary history, Marcum's failure to respond to disciplinary authorities, and the fact that Marcum did not clean up the handling of his escrow account, the Trial Commissioner recommends the sanction of a one (1) year suspension from the practice of law, to run consecutively and separately from sanctions in other matters in accordance with SCR 3.360(1)(d). We agree and

adopt the recommendations of the Trial Commissioner, pursuant to SCR 3.370(1).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1) Respondent, Leo Marcum, is suspended from the practice of law in this Commonwealth for a period of one (1) year;

2) This sanction shall run consecutively and separately from sanctions in other matters before this Court;

3) If he has not already done so, Respondent shall pay restitution to Elmer and Evaleena Mullins of $1,630.00, representing the balance of funds recovered from John Burchett after the deduction of Respondent's $300 fee;

4) Respondent shall notify all necessary courts and clients of his suspension in accordance with SCR 3.390. Those notifications shall be made by letter placed in the United States mail within ten days from the date of this Opinion and Order. Marcum shall also simultaneously provide a copy of all such letters to the Executive Director of the Kentucky Bar Association. Also, to the extent possible, Marcum shall cancel and cease any advertising activities in which he is engaged;

5) Respondent is directed to pay all costs associated with this disciplinary proceeding, pursuant to SCR 3.450, certified to be in the sum of $2,343.65, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 22, 2010.

/s/ John D. Minton, Jr.
  Chief Justice