KENTUCKY BAR ASSOCIATION, Movant,

v.

Leo A. MARCUM, KBA Member No. 43870, Respondent.

No. 2010–SC–000814–KB.

Supreme Court of Kentucky.

March 24, 2011.

As Corrected March 28, 2011.

As Corrected April 5, 2011.

See also, 308 S.W.3d 200.

## *OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association (the "KBA") has recommended to this Court that Respondent, Leo A. Marcum, KBA Member Number 43870, be suspended from the practice of law for three years. He was admitted to practice in 1971, and his bar roster address is P.O. Box 178, Lowmansville, KY 41232.

The charges against Marcum relate to a previous investigation by the KBA Inquiry Commission involving his representation of Elmer and Evaleena Mullins in 2003. The Mullins hired Marcum to represent them in an effort to collect money from a builder who had failed to perform work on their home. The builder eventually returned a sum of $1,930.00 to Marcum, who then placed the funds in an escrow account. Marcum issued a check to the Mullins from the escrow account after deducting his fee. The Mullins returned the check, evidently because they wanted to file suit against the builder to recover their costs and attorney's fees. Marcum, however, never filed suit; nor did he return the money to the Mullins.

The Mullins filed a Bar complaint against Marcum. At a subsequent hearing held on June 4, 2009, Marcum testified that his escrow account contained less than the $1,930.00 that belonged to the Mullins. He also testified that he would return the money to the Mullins. As a result of his handling of the Mullins' matter, Marcum was found guilty of five counts of professional misconduct and suspended for a period of one year on April 22, 2010. *See KBA v. Marcum*, 308 S.W.3d 200 (Ky. 2010).

On September 2, 2009, before this Court issued the order of suspension, Marcum wrote a check payable to the Mullins in the amount of $1,930.00. The check was drawn on Marcum's escrow account. The Inquiry Commission issued a complaint against Marcum because, at the June 4th hearing, he had testified that the escrow account had insufficient funds to pay the Mullins. Marcum answered and admitted that his paralegal had written the check. He also explained that there was a negative balance in the escrow account in 2004, but that it was the result of inadvertence and he did not intend to deprive the Mullins of their funds.

The Inquiry Commission continued its investigation and later requested certain information about the escrow account from Marcum. He responded by letter dated January 25, 2010, stating that the money used to repay the Mullins was "office money." He also stated that there was no client money in the escrow account on September 2, 2009, when the check to the Mullins was written.

Thereafter, the KBA Executive Director issued a subpoena duces tecum to the Inez Deposit Bank directing the records custodian to provide bank records of Marcum's

escrow account from June 2009 through September 2009. The records show that Marcum was using the account as a personal account, paying personal bills with the money. He also used the funds to pay himself attorney's fees and to pay for client matters such as costs. A deposit slip dated August 4, 2009 in the amount of $28,500.00 indicates the deposit was from CNA, presumably the insurance company for a settlement of a client's matter. In September 2009, the month that Marcum repaid the Mullins, the escrow account records show checks written to Marcum in the amount of approximately $15,000.00. Additionally, several checks written on the escrow account during the month of September 2009 state in the memo line: "refund attorney fee."

The Inquiry Commission filed a two-count charge against Marcum, alleging that Marcum co-mingled funds and used his escrow account for personal expenses in violation of SCR 3.130–1.15(a). The charge also alleged that the statement by Marcum in the January 25th letter—that there were no client funds in the escrow account—was false. SCR 3.130–8.1(a) prohibits a lawyer from making a false statement of material fact in connection with a disciplinary matter.

Marcum never filed an answer to the charge. As such, the case was presented to the Board of Governors as a default case pursuant to SCR 3.210(1). The Board of Governors unanimously found Marcum guilty of both counts.

In considering the appropriate sanction, the Board of Governors reviewed Marcum's lengthy disciplinary history. Marcum has been publicly reprimanded twice, has received three private admonitions, and was suspended once for 181 days on August 27, 2009. *See KBA v. Marcum*, 28 S.W.3d 861 (Ky.2000); *KBA v. Marcum*, 292 S.W.3d 317 (Ky.2009). On April 22,

2009, Marcum was suspended for a period of one year based, in part, on his misconduct in the handling of the Mullins' representation. *See KBA v. Marcum*, 308 S.W.3d 200 (Ky.2010). The Board recommended that Marcum be suspended from the practice of law for a period of three years.

Marcum did not respond to the Board of Governors' recommendation to this Court, and this Court has not elected to issue a notice of review. Therefore, pursuant to SCR 3.370(10), this Court adopts the decision of the Board and hereby ORDERS that:

1. Leo A. Marcum, KBA Member No. 43870, is guilty of violating SCR 3.130–1.15(a) and SCR 3.130–8.1(a), as alleged in KBA File Number 18039.

2. Leo A. Marcum is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of three years. Said suspension shall be served consecutive to any and all suspensions ordered prior to this date.

3. Pursuant to SCR 3.390, Leo A. Marcum shall send letters to all courts in which he has matters pending, if any, and to all clients whom he is actively representing, if any, within ten days of this Opinion and Order, notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Marcum shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

4. Pursuant to SCR 3.450, Leo A. Marcum shall pay the costs of this disciplinary proceeding, said sum being $213.71, for which execution may issue from this Court upon finality of this Opinion and Order.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and VENTERS, JJ., concur. SCOTT, J., not sitting.

ENTERED: March 24, 2011.

/s/ John D. Minton, Jr.
　　Chief Justice