**KENTUCKY BAR ASSOCIATON,**
Movant

v.

**Leo MARCUM, Respondent.**

**No. 2012–SC–000411–KB.**

Supreme Court of Kentucky.

Sept. 20, 2012.

### OPINION AND ORDER

The Board of Governors (Board) of the Kentucky Bar Association (KBA) has recommended that Respondent, Leo Marcum, KBA Member Number 43870, with a Bar Roster Address of P.O. Box 178, Lowmansville, Kentucky, 41232, be permanently disbarred from the practice of law in the Commonwealth of Kentucky. Having reviewed the Board's findings of fact and conclusions of law, we now adopt its recommendation.[1]

Respondent, Leo Marcum, was admitted to practice law in this Commonwealth on August 1, 1971. On June 23, 2011, Respondent pled guilty to six felony counts for failing to file Kentucky state income taxes from 2004 to 2009.[2] On July 29, 2011, pursuant to SCR 3.160(2), the Inquiry Commission issued a complaint of misconduct against the Respondent. On August 26, 2011, Respondent was served with the complaint via the Executive Director of the KBA pursuant to SCR 3.175(2) and informed that the Inquiry Commission required additional information from Respondent and that failure to respond could result in an additional charge of misconduct pursuant to SCR 3.130–8.1. Failing to respond, Respondent was served (via the Executive Director) a reminder letter and another copy of the complaint on September 13, 2011. The letter again advised the

Respondent that failure to respond would subject him to an additional charge of misconduct, however, he failed to respond.

The Inquiry Commission issued a Charge against Respondent on February 28, 2012, which was served by the Franklin County Sheriff's Office on April 3, 2012.

Count I alleged violations of former SCR 3.130–8.3(b) and current SCR 3.130–8.4(b) (as the conduct took place both prior to and following the July 15, 2009, rule amendment), for committing criminal acts that reflect adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Count II alleged violation of SCR 3.130–8.1(b) for failing to respond to the numerous requests to respond to the bar complaint against him. SCR 3.130–8.1(b) requires that a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority.

Respondent filed no answer to the charges. Pursuant to SCR 3.210 the case came before the Board by default. The Board concluded, by a vote of 19–0, that Respondent was guilty of the violations set forth in Counts I and II. In recommending an appropriate sanction, the Board considered Respondent's previous discipline. Respondent has extensive priors:

1. Public Reprimand on May 14, 1992, *Kentucky Bar Ass'n v. Leo Marcum*, 830 S.W.2d 389 (Ky.1992), for violation of DR 9–101(b) which is the equivalent of SCR 3.130–1.11 (conflict in successive government and private employment);

2. Public Reprimand on October 26, 2000, *Kentucky Bar Ass'n v. Leo Marcum*, 28 S.W.3d 861 (Ky.2000),

---

1. The Respondent failed to file an answer contesting the charges, hence the case was before the Board as a default case.

2. On February 9, 2012, the Franklin Circuit Court entered a Judgment finding Respondent guilty and sentencing him to three years in prison.

for violations of SCR 3.130–1.4(a) and (b) (communication);

3. Private Admonition on May 17, 2002, for violation of SCR 3.130–1.7(b) (conflict of interest);

4. Private Admonition on July 15, 2005, for violation of SCR 3.130–8.1(a) (false statement in a disciplinary matter);

5. Amended and Substituted Private Admonition on February 23, 2005, for violation of SCR 3.130–1.2(a) (failing to abide by a client's decision), SCR 3.130–1.3 (diligence), SCR 3.130–1.16(d) (termination of representation), and SCR 3.130–8.1(b) (failing to respond to disciplinary authority);

6. Suspended from the practice of law on August 27, 2009, for 181 days, *Kentucky Bar Ass'n v. Leo Marcum,* 292 S.W.3d 317 (Ky.2009), for violating SCR 3.130–1.15(a) (commingling) and SCR 3.130–8.3(c) [3] (dishonesty, fraud, deceit, or misrepresentation);

7. Suspended from the practice of law on April 22, 2010, for one year, *Kentucky Bar Ass'n v. Leo Marcum,* 308 S.W.3d 200 (Ky.2010), for violations of SCR 3.130–1.1 (competence), SCR 3.130–1.3 (diligence), SCR 3.130–1.4(a) (communication), SCR 3.130–1.15(a) (commingling), SCR 3.130–1.15(b) (notifying clients of receipt of funds), SCR 3.130–3.2 (expediting litigation), SCR 3.130–8.1(b) (failure to respond to disciplinary authority), and SCR 3.130–8.3(c) [4] (dishonesty, fraud, deceit, or misrepresentation);

8. Suspended from the practice of law on March 24, 2011, for three years, consecutive to any other suspensions, *Kentucky Bar Ass'n v. Leo Marcum,* 336 S.W.3d 95 (Ky.2011), for violating SCR 3.130–1.15(a) (commingling) and SCR 3.130–8.1(a) (false statement in a disciplinary matter).

Respondent's conduct in this case, the six felonies for committing crimes that reflect adversely on the lawyer's honesty, trustworthiness, and fitness as a lawyer, would be more than sufficient to merit permanent disbarment. Including his previous disciplinary record, and his failing to respond to a lawful demand for information from a disciplinary authority, there can be no doubt that the Board was justified in recommending permanent disbarment.

We agree with the Board's recommendation without the need for further citation. No notice of review has been filed by either party, and this Court concludes that it is unnecessary to order review of this case under SCR 3.370(8). Therefore, pursuant to SCR 3.370(9), this Court hereby adopts the decision and recommendations of the Board.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent Leo Marcum is adjudged guilty as charged in Count I and Count II as set out above;

2. Respondent is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

3. Respondent shall, within ten (10) days of the date of this Opinion and Order, notify all courts in which he has matters pending, if any, and shall notify all clients for whom he is actively engaged in continuing litigation or similar legal matters, if any,

---

3. Now SCR 3.130–8.4(c).

4. Now SCR 3.130–8.4(c).

of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall provide a copy of all such letters to the Office of Bar Counsel;

4. Respondent shall, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5. Respondent shall pay the costs of this proceeding, certified in the amount of $1,443.93, for which execution shall issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 20, 2012.

/s/ John D. Minton, Jr.
　　Chief Justice